

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ROCK HILL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| vs. | § | Criminal Action No.: 0:21-cr-00365-MGL-1 |
| | § | |
| VITO C. GRIPPO, | § | |
| Defendant. | § | |

---

**ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION**

---

Pending before the Court is Defendant Vito C. Grippo's (Grippo) pro se motion for early termination of supervised release. The United States Attorney's Office (USAO) for the District of South Carolina, and the Director of Victim and Witness Services for the District of New Jersey (collectively, the government), as well as the United States Probation Office (USPO), oppose the motion.

Grippo pled guilty in the District of New Jersey to one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; two counts of making and subscribing to false tax returns, in violation of 26 U.S.C. § 7206(1); and one count of aiding in the preparation of a false tax return, in violation of 26 U.S.C § 7206(2). Judge Kevin McNulty in the District of New Jersey sentenced Grippo to a total of ninety-six months imprisonment followed by a five-year term of supervised release.

He also ordered $1,275,828.00 in restitution, to be paid joint and severally with his co-defendants.  The amended judgment ordered that Grippo pay $500.00 per month upon his release from incarceration.

Grippo began supervision on June 25, 2020.  On March 18, 2021, Judge McNulty ordered jurisdiction of this case transferred to this district, and the Clerk's Office assigned the matter to the undersigned Judge.

In Grippo's motion, he describes his robust family support system.  He emphasizes that he completed his mental health treatment and argues he poses little risk of recidivism.

The USPO recognizes that during his twenty-nine months of supervised release—nine of which have been at the low-risk supervision level—Grippo has abided by the conditions of his supervision, avoided new criminal charges, tested negative on all drug screens, and maintained a stable residence.  The USPO opines Grippo demonstrates the ability to lawfully self-manage.

But, it opposes the motion because only $37,532.28 of the $1,275,828.00 restitution in this case has been paid.  Of that amount, Grippo has paid $9,915.74.  It therefore contends Grippo has so far failed to be in substantial compliance with supervision. The government opposes early termination for the same reason.

As outlined in the amended judgment, upon release, Grippo's initial restitution obligation was $500.00 per month.  After he began receiving social security payments, he evidently reached an agreement with the USAO's Financial Litigation Unit in the District of New Jersey (FLU) to pay $250.00 per month.  But, the USPO contends such an arrangement must be authorized by the Court.  So, even though Grippo has made monthly payments, it maintains he should have paid $14,000.00 thus far.

The Court declines to cast blame on Grippo, for the purposes of deciding this motion, for failure to pay the $500.00 per month after he reached the agreement with the FLU. It appears he operated in good faith and made regular payments. The Court will consider issuing an order reducing the required restitution payment if the issue is properly presented before it.

In any case, a substantial portion of the restitution remains outstanding. The Court thus determines that early termination of Grippo's term of supervised release is improper at this time. *See* 18 U.S.C. § 3583(e)(1) (providing the Court may terminate a term of supervised release only if, among other things, "it is satisfied that such action is warranted by the conduct of the defendant released and in the interests of justice").

Although the Court commends Grippo on his success thus far, it expects all those on supervised release to follow all conditions. The Court encourages Grippo, however, to renew his motion after he has paid a substantial amount of his restitution.

Therefore, having carefully considered the pro se motion, the USPO and the government's opposition, the record, and the relevant law, it is the judgment of the Court Grippo's pro se motion for early termination of supervised release, ECF No. 3, should be **DENIED**.

 **IT IS SO ORDERED.**

Signed this 14th day of December 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE